IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERESA VALENCIA<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER DISMISSING PLAINTIFF'S § 2255 MOTION<br><br><br><br>Case No. 2:06-CV-00328 PGC |

This matter is before the court on plaintiff Teresa Velencia's motion under § 2255 to vacate, set aside, or correct sentence.  Generally, the movant must file her § 2255 motion within one year from the date of final judgment of conviction.[1]  Ms. Valencia's judgment of conviction was completed on August 19, 2003.  Her § 2255 motion was not filed until two-and-a-half years later, on April 18, 2006.  While there are recognized exceptions,[2] Ms. Valencia has failed to demonstrate that any of those exceptions should apply in her case.  Based on her failure to timely file this motion, the court hereby DISMISSES her § 2255 motion (#1) and DENIES her motion to appoint counsel because the court dismisses her case (#3).

---

[1] 28 U.S.C. § 2255.

[2] *See* 28 U.S.C. § 2255 (listing three exceptions to the general rule).

The court also notes that to the extent that Ms. Valencia's motion is premised upon the Supreme Court's holding announced in *United States v. Booker*,[3] her motion would nonetheless be dismissed regardless of the required certification based on this court's prior ruling in *Rucker v. United States*.[4]  Post-*Booker*, the Tenth Circuit held that *Blakely v. Washington*,[5] the prequel to *Booker*, "did not announce a watershed rule of criminal procedure that would apply retroactively to initial § 2255 motions."[6]  The Seventh Circuit has also held that *Booker* does not apply retroactively to initial § 2255 motions,[7] and the Tenth Circuit cited this opinion in its decision in *United States v. Prince*.[8]  Indeed, neither *Apprendi v. United States*,[9] *Booker* or *Blakely* announced new rules of constitutional law made retroactive by the Supreme Court to collateral review.[10]  Therefore, should Ms. Valencia later attempt to convince the court that the exception listed in 28 U.S.C. § 2255 applies to his case ("the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"), such an argument would be futile.

---

[3] 543 U.S. 220 (2005).

[4] 382 F. Supp. 2d 1288 (D. Utah 2005).

[5] 542 U.S. 296 (2004).

[6] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005).

[7] *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

[8] 400 F.3d at 849.

[9] 530 U.S. 466 (2000).

[10] *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *Price*, 400 F.3d at 849; *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002).

The court DISMISSES Ms. Valencia's motion (#1) and DENIES her motion to appoint counsel because the court dismisses her case. The court directs the Clerk's Office to close this case.

DATED this 20th day of April, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge